STATE OF NORTH CAROLINA v. MICHAEL EARL STAMPS

No. 848SC584

(Filed 5 March 1985)

**Criminal Law § 138— aggravating factor—prior conviction—crime committed after crime for which defendant sentenced**

The trial court could properly find a prior conviction as an aggravating factor at sentencing when the commission of that crime occurred after the commission of the crime for which defendant was being sentenced.

APPEAL by defendant from *Small, Judge.* Judgment entered 7 February 1984 in Superior Court, LENOIR County. Heard in the Court of Appeals 11 February 1985.

Defendant was charged in a proper bill of indictment with second degree murder. The jury in its verdict found defendant guilty of involuntary manslaughter. The trial court found a factor in aggravation and sentenced defendant to nine years imprisonment, a term in excess of the presumptive term. From the sentence imposed defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, for the State.*

*Harrison and Heath, by Leland M. Heath, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

The sole question presented by defendant is whether the trial court erred when it found a prior conviction as an aggravating factor at sentencing when the commission of that crime occurred after the commission of the crime for which defendant was being sentenced.

On 13 April 1983, defendant committed the act which was the basis of the manslaughter conviction. Sometime between the commission of the manslaughter and the trial for that offense defendant was arrested, tried and convicted for possession of a controlled substance, a crime which is punishable by more than sixty days. The trial court found the conviction for possession as an aggravating factor at the sentencing for the manslaughter conviction. Defendant argues that because the commission of the crime found in aggravation was subsequent to the commission of the crime for which defendant was sentenced it cannot be considered a prior conviction within the ambit of G.S. 15A-1340.4(a)(1)o. We disagree.

G.S. 15A-1340.4(a)(1)o prescribes that the court find as an aggravating factor at sentencing, "a prior *conviction* . . . for [a] criminal offens[e] punishable by more than 60 days' confinement." (Emphasis added.) The statute excludes only those crimes which are joinable with the crime for which defendant is currently being sentenced. Defendant was convicted of the offense found in aggravation prior to his being sentenced for manslaughter. The conviction found as an aggravating factor was not for an offense joinable with the crime for which defendant was being sentenced. The trial court was clearly within the ambit of the statute when it found the prior conviction as a factor in aggravation.

The sentence imposed by the trial court is affirmed.

Affirmed.

Judges JOHNSON and COZORT concur.